NOT FOR PUBLICATION

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| TROY REEVES, | : | |
| | : | |
| Petitioner, | : | Civil No. 11-5700 (JAP) |
| | : | |
| v. | : | OPINION |
| | : | |
| CHRISTOPHER HOLMES, et al., | : | |
| | : | |
| Respondents. | : | |

**PISANO, DISTRICT JUDGE**

Petitioner Troy Reeves ("Petitioner"), a prisoner currently confined at South Woods State Prison in Bridgeton, New Jersey, has submitted a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Respondents have answered the Petition and the Answer and accompanying state court record suggest that Petitioner has failed to exhaust his state court remedies with respect to certain claims asserted here. Accordingly, for the reasons stated herein, Petitioner will be ordered to show cause why the Petition should not be dismissed without prejudice for failure to exhaust state remedies. For the reasons stated herein, Petitioner shall, within forty-five days, show cause as to why the petition should not be dismissed as unexhausted.

## I. BACKGROUND

This Court, affording the state court's factual determinations the appropriate deference, *see* 28 U.S.C. § 2254(e)(1),[1] will simply reproduce the recitation of facts as set forth by Superior Court of New Jersey on direct appeal:

---
[1] Pursuant to 28 U.S.C. § 2254(e)(1), "In a proceeding instituted by an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court, a determination of a factual issue made by a State court shall be presumed to be correct. The applicant shall have the burden of rebutting the presumption of correctness by clear and convincing evidence."

Following trial, a jury convicted defendant, Troy Reeves, of robbery, N.J.S.A. 2C:15-1, and aggravated assault, N.J.S.A. 2C:l5-1b(1). The judge imposed a sentence of fifteen years with an eighty-five percent period of parole ineligibility under the No Early Release Act (NERA), N.J.S.A. 2C:43-7.2, on the robbery conviction and a concurrent seven-year term on the aggravated assault conviction. Defendant appeals and we affirm the conviction but remand for modification of the sentence.

On September 12, 2003, Joseph Grosz was standing near the Lakewood Bus Terminal, waiting for the arrival of his daughter. His sixteen-year-old son, Bryce, was waiting in Grosz's truck. The lights at the terminal were on and visibility was good. At approximately 9:50p.m., Grosz saw two black men, one wearing a red sweatjacket, and later identified as defendant, and another unidentified individual "huddling" around a white man, saying "[y]ou're going to give it to me, you're going to give it to me, give me it, you know, I'm going to hurt you, I'm going to hurt you." Defendant and the other individual began hitting the man. The man fell to the ground. They then began kicking the victim in the head, neck, face, and ribs. Eventually, defendant reached into the man's pocket and took what Grosz believed was a wallet.

An older black man, who appeared to know the perpetrators, approached and told them "[l]eave it alone ... you *did* what you *did,* get out of here, the police are going to come." The two attackers hit the victim one or two more times. Defendant then walked up to the several commuters standing around the platform, lifted his red sweatjacket, revealing a forty-five caliber handgun, and said, "[a]ny fucking body talks to the police, you're fucking dead." Grosz was close enough to defendant to reach out and touch the gun.

The two men left the platform. Grosz began to follow them. When Grosz realized he *did* not have his cell phone, he ran back to the terminal, got a phone from Bryce, and told Bryce that when the police arrived to tell them that he was following the two perpetrators. Grosz resumed following the two individuals, caught sight of them again for a short time, but lost them as they rounded a corner.

After the police arrived, Grosz pointed out the people who were in the area during the assault, as well as the older man who interceded. After talking to the various people, the police were able to develop a suspect. Later that evening, Grosz was shown a photograph array and identified defendant as the man wearing the red sweatjacket.

2

>The victim, James Gruber, was unconscious and *did* not have his wallet. Approximately one week later, Gruber's mother identified the victim as her son. At the time, he was still unconscious. After he regained consciousness, he could not recall the robbery. He suffered blunt-force trauma to the head, a fractured skull, fractured ribs, and sixteen stitches on his eye. The left side of his body was weakened, requiring him to use a cane to walk, and his speech was affected. When he regained consciousness, he realized his wallet, containing his social security card, birth certificate, County ID, and some loose papers was missing. Grosz and Gruber admitted to prior criminal convictions.

## II. DISCUSSION

Title 28 U.S.C. § 2254 provides, in pertinent part:

>The Supreme Court, a Justice thereof, a circuit judge, or a district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States.

28 U.S.C. § 2254(a).

A federal court's habeas review of state court convictions is circumscribed, however, in various ways. Of particular concern, here, is the requirement that a person in custody pursuant to the judgment of a state court exhaust his state remedies before turning to the federal courts under § 2254.

>(b)(1) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that–
>
>>(A) the applicant has exhausted the remedies available in the courts of the State; or
>>
>>(B) (i) there is an absence of available State corrective process; or
>>(ii) circumstances exist that render such process ineffective to protect the rights of the applicant.
>
>(2) An application for a writ of habeas corpus may be denied on the

> merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State.
>
> (3) A State shall not be deemed to have waived the exhaustion requirement or be estopped from reliance upon the requirement unless the State, through counsel, expressly waives the requirement.
>
>> (c) An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented.

28 U.S.C. § 2254(b).

It is appropriate for a federal habeas court to raise *sua sponte* any concern that the petitioner has not exhausted his state court remedies. *See*, *e.g.*, *Granberry v. Greer*, 481 U.S. 129, 133-34 (1987), *cited in Day v. McDonough*, 547 U.S. 198, 214 (2006).

Thus, a state prisoner applying for a writ of habeas corpus in federal court must first "exhaust[] the remedies available in the courts of the State," unless "there is an absence of available State corrective process[] or ... circumstances exist that render such process ineffective ... ." 28 U.S.C. § 2254(b)(1). *See also Rose v. Lundy*, 455 U.S. 509, 515 (1982); *Lambert v. Blackwell*, 134 F.3d 506, 513 (3d Cir. 1997) (finding that Supreme Court precedent, and the AEDPA, mandate that prior to determining the merits of a petition, a court must consider whether the petitioner is required to present his or her unexhausted claims to the state's courts), *cert. denied*, 532 U.S. 919 (2001). The petitioner generally bears the burden to prove all facts establishing exhaustion. *Lines v. Larkins*, 208 F.3d 153, 159 (3d Cir. 2000).

A petitioner exhausts state remedies by presenting his federal constitutional claims to each level of the state courts empowered to hear those claims, either on direct appeal or in collateral post-conviction proceedings. *See*, *e.g.*, *O'Sullivan v. Boerckel*, 526 U.S. 838, 847 (1999)

(requiring state prisoners, in order to fully exhaust their claims, "to file petitions for discretionary review when that review is part of the ordinary appellate review procedure in the State"); *Lambert v. Blackwell*, 134 F.3d 506, 513 (3d Cir. 1997) (collateral attack in state court is not required if the petitioner's claim has been considered on direct appeal); 28 U.S.C. § 2254(c) ("An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented.").

The petitioner must "fairly present" the federal claim to the state courts in a recognizable way, so that the court is not required to "read beyond a petition or brief" to understand the claim. *Baldwin v. Reese*, 541 U.S. 27, 32 (2004). The claims heard by the state courts must be the "substantial equivalent" of the claims asserted in the federal habeas petition. *Picard v. Connor*, 404 U.S. 270, 275 (1971); *Lambert v. Blackwell*, 134 F.3d 506, 513 (3d Cir. 1997). Reliance on the same constitutional provision is not sufficient; the legal theory and factual basis must also be the same. *Picard* at 277-78; *Greene v. Palakovich*, 606 F.3d 85, 93 (3d Cir. 2010), *affirmed sub nom Greene v. Fisher*, 132 S.Ct. 38 (2011).

Exhaustion allows state courts the first opportunity to pass upon federal constitutional claims, in furtherance of the policies of comity and federalism. *Granberry v. Greer*, 481 U.S. 129, 131, 134-35 (1987); *Rose*, 455 U.S. at 516-18. Exhaustion also has the practical effect of permitting development of a complete factual record in state court, to aid the federal courts in their review. *Rose*, 455 U.S. at 519.

Failure to exhaust may be excused on the basis that state process is unavailable, but "state law must clearly foreclose state court review of unexhausted claims." *Toulson v. Beyer*, 987 F.2d

984, 987 (3d Cir. 1993).

Generally, district courts should dismiss petitions containing unexhausted claims in the absence of a state court decision clearly precluding further relief, even if it is not likely that a state court will consider the claims on the merits. *Rose v. Lundy*, 455 U.S. at 522; *Banks v. Horn*, 126 F.3d 206, 212-14 (3d Cir. 1997); *see also Toulson*, 987 F.2d at 989 ("Because no [New Jersey] court has concluded that petitioner is procedurally barred from raising his unexhausted claims and state law does not clearly require a finding of default, we hold that the district court should have dismissed the petition without prejudice for failure to exhaust state remedies"). *But see Christy v. Horn*, 115 F.3d 201, 206-07 (3d Cir. 1997) ("in rare cases exceptional circumstances of peculiar urgency may exist which permit a federal court to entertain an unexhausted claim").

More recently, the one-year statute of limitations enacted by AEDPA in 1996 "'has altered the context in which the choice of mechanisms for handling mixed petitions is to be made.'" *Crews v. Horn*, 360 F.3d 146, 151 (3d Cir. 2004) (quoting *Zarvela v. Artuz*, 254 F.3d 374, 379 (2d Cir.), *cert. denied*, 534 U.S. 1015 (2001)).[2] Because of the one-year limitations period, dismissal of a timely-filed mixed petition may forever bar a petitioner from returning to federal court. "Staying a habeas petition pending exhaustion of state remedies is a permissible and effective way to avoid barring from federal court a petitioner who timely files a mixed petition." *Crews*, 360 F.3d at 151. Indeed, the Court of Appeals for the Third Circuit has held that "when an outright dismissal could jeopardize the timeliness of a collateral attack, a stay is the only appropriate course of action." *Crews*, 360 F.3d at 154.

The Supreme Court has somewhat limited the stay-and-abeyance rule announced in *Crews*:

[S]tay and abeyance should be available only in limited circumstances. Because

---

[2] A "mixed" petition is one containing both exhausted and unexhausted claims. *See Crews*, 360 F.3d at 147.

> granting a stay effectively excuses a petitioner's failure to present his claims first to the state courts, stay and abeyance is only appropriate when the district court determines there was good cause for the petitioner's failure to exhaust his claims first in state court. Moreover, even if a petitioner had good cause for that failure, the district court would abuse its discretion if it were to grant him a stay when his unexhausted claims are plainly meritless.
>
> ...
>
> On the other hand, it likely would be an abuse of discretion for a district court to deny a stay and to dismiss a mixed petition if the petitioner had good cause for his failure to exhaust, his unexhausted claims are potentially meritorious, and there is no indication that the petitioner engaged in intentionally dilatory litigation tactics. In such circumstances, the district court should stay, rather than dismiss, the mixed petition. ... For the same reason, if a petitioner presents a district court with a mixed petition and the court determines that stay and abeyance is inappropriate, the court should allow the petitioner to delete the unexhausted claims and to proceed with the exhausted claims if dismissal of the entire petition would unreasonably impair the petitioner's right to obtain federal relief.

*Rhines v. Weber*, 544 U.S. 269, 277-78 (2005) (citations omitted). The *Rhines v. Weber* stay procedure is available even when a petitioner has exhausted none of the claims in his petition. *See Heleva v. Brooks*, 581 F.3d 187, 192 (3d Cir. 2009).

Even where stay and abeyance is appropriate, the district court's discretion in structuring the stay is limited by the timeliness concerns reflected in the one-year statute of limitations. "Thus, district courts should place reasonable time limits on a petitioner's trip to state court and back." *Id.* at 278. *See also Crews*, 360 F.3d at 154 ("If a habeas petition is stayed, the petitioner should be given a reasonable interval, normally 30 days, to file his application for state post-conviction relief, and another reasonable interval after the denial of that relief to return to federal court. If a petitioner fails to meet either time-limit, the stay should be vacated *nunc pro tunc*.") (citations omitted).

Here, it appears to this Court that Petitioner has not exhausted certain claims in his Petition.

It appears that Petitioner never presented to the state court his claims here in grounds one and two regarding the alleged non-disclosure of the Grand Jury Investigation Report. Further, while Petitioner did present certain claims related to ineffective assistance of counsel at the state court level, it appears that Petitioner never presented to any state court the specific issue raised here related to obtaining video footage of the incident. Accordingly, it appears that at least some of Petitioner's claims are unexhausted. He has alleged no facts suggesting that state law prevented him from presenting those claims to the Supreme Court of New Jersey.

Moreover, it appears that Petitioner will be forever foreclosed from bringing those claims in a federal habeas petition if they are dismissed at this time because the timeliness of any future habeas petition will be measured from the date that Petitioner's conviction became final, as all claims were known to him at that time. Accordingly, absent a stay, Petitioner may be forever foreclosed from seeking federal habeas relief. However, Petitioner has alleged no facts that would suggest that he had good cause for failure to timely and fully exhaust his state remedies or that a stay would, therefore, be justified. Moreover, this Court has doubts as whether any of the claims are meritorious. Accordingly, it appears that the Petition must be dismissed, rather than stayed, for failure to exhaust state remedies.[3]

## III. CONCLUSION

For the reasons set forth above, Petitioner will be ordered to show cause why the Petition should not be dismissed without prejudice, rather than stayed pursuant to *Rhines v. Weber*, for failure to exhaust state remedies. An appropriate order follows.

Dated: May 27, 2014    /s/ Joel A. Pisano
                       JOEL A. PISANO, U.S.D.J.

---

[3] In the alternative, Petitioner may request to proceed with the fully exhausted claims in the Petition by withdrawing unexhausted claims. *See Rhines v. Weber*, 544 U.S. 269, 277-78 (2005).